$400.00

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BOGAN LAW GROUP, LLC.                    Attorneys for Plaintiff
Mary Elizabeth Bogan, Esquire
PA Identification No. 57072
One Liberty Place
1650 Market Street, Suite 300
Philadelphia, PA 19103

| | | |
|---|---|---|
| TRI-STATE TRAINING & SAFETY CONSULTING, LLC 1320 East 11th Street Eddystone, PA 19022 | : : : : : | Civil Action No. |
| Plaintiff, | : : | **15   0876** |
| vs. | : : | FILED |
| MICHAEL MARKAWICZ 1400 MacDade Blvd., Apt. D360 Woodlyn, PA 19094 | : : : : | FEB 2 0 2015 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |
| And | : : | |
| CERTIFIED PROFESSIONAL RESCUERS: 1400 MacDade Blvd., Apt. D360 Woodlyn, PA 19094 | : : : | **JURY TRIAL DEMANDED** |
| Defendants, | : : | |

## VERIFIED COMPLAINT

Plaintiff, TRI-STATE TRAINING & SAFETY CONSULTING, LLC (hereinafter "Plaintiff and/or "Tri-State"), by and through its attorney, BOGAN LAW GROUP, LLC, brings this action against Defendants, Michael Markawicz (hereinafter "Defendant Markawicz") and Certified Professional Rescuers (hereinafter "Defendant CPR") (together, "Defendants"), upon information and belief, and avers as follows:

1

## PARTIES

1.      Plaintiff, Tri-State Training & Safety Consulting, LLC (hereinafter "Plaintiff" and/or "Tri-State") is a Pennsylvania limited liability company with a principal place of business located at 1320 East 11th Street, Eddystone, PA 19022.

2.      Defendant, Michael Markawicz is an adult individual who, upon information and belief, resides at 1400 MacDade Boulevard, Apartment D360, Woodlyn, PA 19094 and is a citizen of Pennsylvania.

3.      Defendant, Certified Professional Rescuers is a Pennsylvania business owned and operated by Defendant Markawicz and which, upon information and belief, has a principal place of business located at 1400 MacDade Boulevard, Apartment D360, Woodlyn, PA 19094.

## JURISDICTION

4.      This action asserts claims arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

## VENUE

5.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a) because Defendants conduct substantial business within the Eastern District of Pennsylvania; Defendants infringed Plaintiff's copyrights within this District; and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff, Tri-State Training & Safety Consulting, LLC is a Pennsylvania limited liability company that specializes in training and consulting in the areas of Cardio-Pulmonary Resuscitation, Fire Safety, First Aid and other safety areas.

7.      On September 22, 2014, Defendant Markawicz enrolled as a student with Tri-State under a mentoring program.  Defendant Markawicz was trained by Tri-State in the areas of Cardio-Pulmonary Resuscitation, Fire Safety and First Aid, receiving training materials of which Defendant Markawicz is still in possession, and also receiving certifications in each of those areas, for which Defendant Markawicz never paid the monies owed to Tri-State.  See e-mail of November 3, 2014 from Plaintiff to Defendant Markawicz, attached hereto as Exhibit "A."

8.      Also on September 22, 2014, Tri-State hired Defendant Markawicz as an employee of Tri-State whose duties included soliciting business for Tri-State.  Tri-State disclosed its marketing tools and strategies to Defendant Markawicz to assist Markawicz in his job marketing to customers for Tri-State.

9.      As a condition of his employment with Tri-State, Defendant Markawicz entered into a non-compete agreement with Tri-State (hereinafter "the Non-Compete Agreement"), whereby for a period of five years after his association with Tri-State Defendant Mrarkawicz agreed to refrain from entering into the same or similar business within a 200-mile radius of Tri-State.  See executed Non-Compete Agreement, attached hereto as Exhibit "B."

10.     The Non-Compete Agreement also included a provision whereby Defendant Markawicz agreed to not solicit or perform competing business activities with any customer of Tri-State.  See Ex. "B."

3

11.     Defendant Markawicz's final date of employment with Tri-State was November 3, 2014, only six weeks into his employment with Tri-State, when Plaintiff discovered Markawicz was soliciting Tri-State services by misrepresenting that Tri-State was Markawicz's own company.

12.     Markawicz did not inform Tri-State he was resigning an employee.  Tri-State only discovered this fact through a Facebook message Markawicz sent to an individual marketing Tri-State's services as if Tri-State was Markawicz's company.

13.     Since that time, and in direct violation of the Non-Compete Agreement, Defendant Markawicz has been running his own competing business, Defendant Certified Professional Rescuers, advertizing training and certifications in direct competition with the business conducted by Plaintiff and soliciting Plaintiff's customers and contacts, interfering with Plaintiff's existing business.  For example, Defendants advertize their competing business on Facebook in order to solicit customers, in direct violation of the Non-Compete Agreement.  See screenshot of Defendant's Facebook page, attached hereto as Exhibit "C."

14.     Upon information and belief, Markawicz has been actively soliciting potential customers using Tri-State's name to promote his own business.

15.     By way of example, on January 13, 2015, Defendant Markawicz utilized his certifications that he received through Tri-State to conduct CPR and safety training at the Children's Corner, Philadelphia, PA, in direct violation of the Non-Compete Agreement.

16.     Further, upon information and belief, Defendant Markawicz utilizes Tri-State's copyrighted materials when training his own customers, in violation of the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

4

17.     For example, Defendants have used Tri-State's copyrighted materials as part of a slide show they use in training customers, thus violating Tri-State's copyright rights of performance and derivative works, pursuant to 17 U.S.C. § 106.

18.     Kevin Kearns, the president of Tri-State, has repeatedly contacted Defendant Markawicz requesting Defendants cease competing directly with Tri-State in violation of the Non-Compete Agreement.

19.     After Defendant Markawicz failed to respond to Plaintiff's request or cease his competing activities, on January 7, 2015, Plaintiff's counsel sent a Cease and Desist Demand letter to Defendant Markawicz, demanding that Defendants immediately cease and desist their competing operations no later than January 9, 2015, and in addition immediately stop use of Tri-State's Fire Safety Program in Defendants' competing business.  See Cease and Desist Demand letter, attached hereto as Exhibit "D."

20.     Defendants failed to respond to Plaintiff's Cease and Desist Demand, and further, continue to actively advertize, solicit customers and conduct their competing business in violation of the Non-Compete Agreement.  By way of example, Defendant Markawicz posted a solicitation for his competing business on Facebook as recently as January 28, 2015.

21.     Defendants have not only failed to respond to Plaintiff's and Plaintiff's counsel's requests to cease competing with Plaintiff's business in violation of the Non-Compete Agreement, but continue to flagrantly advertize their directly competing business, solicit Tri-State's customers and contacts to take away business from Tri-State, and use Tri-State's copyrighted training materials in their directly competing business.

## COUNT I- COPYRIGHT INFRINGEMENT[1]

22.      Plaintiff incorporates herein by reference paragraphs 1 through 21, inclusive, of this Complaint as if fully set forth at length.

23.      The foregoing acts of Defendants constitute infringements of Plaintiff's copyrights in Tri-State's copyrighted training materials, which Defendants used in slide shows displayed to their customers, violating Plaintiff's exclusive rights to display and derivative works, pursuant to 17 U.S.C. § 106.

24.      Plaintiff suffered damages as a result of Defendants' unauthorized use of Tri-State's training materials.

**WHEREFORE**, Plaintiff, Tri-State Training & Safety Consulting, LLC respectfully requests that the Court award actual damages and all profits derived from the unauthorized use of Plaintiff's training materials or, where applicable and at Plaintiff's election, statutory damages; an award of Plaintiff's reasonable attorneys' fees as permitted by 17 U.S.C. § 505; an award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law' and such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

25.      Plaintiff incorporates herein by reference paragraphs 1 through 24, inclusive, of this Complaint as if fully set forth at length.

26.      Under Pennsylvania law, three elements are necessary to plead properly a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages. J.F. Walker Co. Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. 2002).

---

[1] Plaintiff has simultaneously filed with this Court Motions for a Temporary Restraining Order and a Preliminary Injunction in this matter, for the purpose of preventing Defendants' continued unauthorized use of Plaintiff's copyrighted materials, as well as preventing Defendants' continuing breach of the Non-Compete Agreement.

33.     Defendant's foregoing actions constitute a breach of contract under Pennsylvania law.

**WHEREFORE,** Plaintiff, Tri-State Training & Safety Consulting, LLC respectfully requests this Court to award the following relief: judgment against the Defendants, Michael Markawicz and Certified Professional Rescuers in the amount of $150,000 in damages as described herein above; costs and expenses of suit, including reasonable attorney's fees and expenses; and such other relief as the Court deems just and proper.

### COUNT III- TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

34.     Plaintiff incorporates herein by reference paragraphs 1 through 33, inclusive, of this Complaint as if fully set forth at length.

35.     Plaintiff will succeed in a claim for tortious interference with business relations, when a Plaintiff can prove:  (1) the existence of a contractual relationship, (2) an intent on the part of the Defendant to harm the Plaintiff by interfering with that contractual relationship, (3) the absence of a privilege or justification for such interference, and (4) Damages resulting from the Defendant's conduct.  Small v. Juniata College, 682 A.2d 350, 354 (Pa.Super. 1996).

36.     There is no dispute that Plaintiff and Defendant Markawicz were in a contractual relationship, as set forth in the executed Non-Compete Agreement, whereby Markawicz agreed to refrain from soliciting Plaintiff's customers or contacts for a period of seven years after his association with Tri-State.

37.     Upon information and belief, commencing less than two months after entering into the Non-Compete Agreement, Defendant Markawicz solicited and continues to solicit the customers and contacts he interacted with while employed at Tri-State to gain business for his competing business, Defendant CPR.

38.     Defendants do not have a legal justification for interfering with Plaintiff's rights in this business.

39.     Plaintiff has suffered and will continue to suffer and jeopardize its existing business and ability to receive future earnings and monetary damages, including but not limited to, losing customers and vendors, lost goodwill and lost profits as a result of Defendants taking business away from Plaintiff through soliciting Plaintiff's customers and contacts.

40.     The actions of Defendants, have caused and continue to cause damages, as described above, and are unlawful under Pennsylvania law.

41.     Plaintiff has suffered, and continues to suffer, substantial damages and irreparable harm as a result of the unlawful acts of the Defendants described herein.

**WHEREFORE,** Plaintiff, Tri-State Training & Safety Consulting, LLC respectfully requests this Court to award the following relief: judgment against the Defendants, Michael Markawicz and Certified Professional Rescuers in the amount of $150,000 in damages as described herein above; costs and expenses of suit, including reasonable attorney's fees and expenses; and such other relief as the Court deems just and proper.

## COUNT IV - VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et seq.

42.     Plaintiff incorporates herein by reference paragraphs 1 through 41, inclusive, of this Complaint as if fully set forth at length.

43.     Defendant Markawicz entered into a Non-Compete Agreement when employed with Plaintiff whereby Defendant agreed to not enter into any directly or indirectly competing business within a 200 mile radius for a period of five years after his employment with Tri-State.

9

44.     In flagrant violation of the Non-Compete Agreement and in direct competition with Plaintiff's business, Defendant Markawicz formed his own company, Defendant CPR, advertizing and selling the exact same products and services as Plaintiff, including through the use of Plaintiff's copyrighted training materials.

45.     Defendants' foregoing actions constitute "engaging in fraudulent or deceptive conduct which creates the likelihood of confusion or of misunderstanding", as defined by the Unfair Trade Practices and Consumer Protection Law.

46.     Such conduct is the essence of merchant activities which violate the UTPCPL.

47.     As a result of Defendants' violations of the UTPCPL, Plaintiff has suffered losses to his business.

**WHEREFORE,** Plaintiffs pray this Honorable Court award them with treble damages, reasonable attorney fees as well as punitive damages and all other relief which may be deemed proper and just.

## COUNT V- UNJUST ENRICHMENT

48.     Plaintiff incorporates herein by reference paragraphs 1 through 47, inclusive, of this Complaint as if fully set forth at length.

49.     A Plaintiff will succeed in a claim for unjust enrichment, when Plaintiff can prove (1) Defendant received a benefit from the Plaintiffs, (2) Defendant appreciated the benefit, and (3) Defendant accepted the benefit under such circumstances that it would amount to an inequity for Defendant to retain the benefit without payment of value.  Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa. Super. 1999).

50.     As set forth above, Defendant Markawicz was a student with Tri-State prior to his employment with Plaintiff.

51.    After completion of his training with Tri-State, Defendant Markawicz received certifications in the areas of Cardio-Pulmonary Resuscitation, Fire Safety and First Aid.

52.    Despite repeated requests by Plaintiff, Defendant Markawicz has never paid the monies owed to Plaintiff for receiving the foregoing certifications.

53.    Further, Defendant Markawicz has profited and continues to profit from the same certifications through his competing business which he operates in violation of the Non-Compete Agreement with Plaintiff.

54.    The actions of Defendants, have caused and continue to cause, damages, as described above, are thus unlawful under Pennsylvania law.

55.    Plaintiff has suffered, and continues to suffer, substantial damages and irreparable harm as a result of the unlawful acts of the Defendants described herein.

**WHEREFORE,** Plaintiff, Tri-State Training & Safety Consulting, LLC respectfully requests this Court to award the following relief: judgment against the Defendants, Michael Markawicz and Certified Professional Rescuers in an amount in excess of $150,000 in damages as described herein above; costs and expenses of suit, including reasonable attorney's fees and expenses; and such other relief as the Court deems just and proper.

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

Trial by a jury of twelve (12) persons is demanded as to all issues.

Mary Elizabeth Bogan (DDW)

BY:/S/Mary Elizabeth Bogan

Mary Elizabeth Bogan, Esquire
Attorney for Plaintiffs

BOGAN LAW GROUP
ONE LIBERTY PLACE
1650 MARKET STREET, STE 3600
PHILADELPHIA, PA  19103
(215) 385-5254

## VERIFICATION OF COMPLAINT

I, Kevin Kerns, a citizen of the United States and resident of Delaware County, Pennsylvania, principal of Plaintiff, Tri-State Training & Safety Consulting, LLC, hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Date: February 12, 2015.


Tri-State Training & Safety Consulting, LLC

By: Kevin Kerns

EXHIBIT "A"

## Re: Non Compete Violation

| | |
|---|---|
| **From:** | Mike Markawicz <mikemarkawicz@gmail.com> |
| **To:** | Kevin Kerns <info@tristatetrainingllc.com> |
| | |
| **Priority:** | Normal |
| **Date** | 11-03-2014 08:17 AM |

I can meet when you can

On Nov 3, 2014 7:55 AM, "Kevin Kerns" < _____ > wrote:

Mr. Michael Markewicz,

When acting as a Tri-State employee you were given information and certifications to instruct students in the area of CPR, First Aid and Fire Safety. You were covered under our insurance policies and procedures. It has been brought to our attention that you have started your own organization yet were unable to pay for your certifications provided by Tri-State in the above stated areas. At this time you are in violation of your non-compete agreement that you signed with Tri-State which prohibits you to instruct any courses outside of Tri-State during your employment and for a duration of 5 years after separation from the company which is the legally allowable maximum length of time. You also owe funding to Tri-State for those certifications and are in posession of materials that are to be utilized only by Tri-State employees as per copyright regulations. We ask that you arrange a time to meet with us to pay any monies owed, return any materials and discuss moving forward.

It is not the intent of Tri-State to restrict any one person or organization from succeeding and moving away from our organization. Yet our intent is to protect our clients and materials. Via text message you mentioned building a relationship with Tri-State yet that is hard for us to consider when you went behind our backs to begin an organization rather than seeking our help or even advising us of your intentions. Just a month ago I specifically asked your intent and you stated "in a few years I would like to have my own company". So I am sure you can see our point of view.

If we do not receive a response and set up a date to meet within a week to arrange a settlement then we will have our law firm contact you to proceed with legal actions for copyright infringement, theft of services and violation of a non-compete agreement.

Kevin Kerns
CEO

Tri-State Training and Safety Consulting, LLC

1320 E 11th St
Eddystone, PA 19022

_____ Tri-Statetrainingllc.com

@ tri_statesafety

## Re: Needed Items

| | |
|---|---|
| **From:** | Mike Markawicz <mikemarkawicz@gmail.com> |
| **To:** | Kevin Kerns <info@tristatetrainingllc.com> |
| **Priority:** | Normal |
| **Date** | 11-08-2014 05:25 AM |

Sorry i have not responded i am dealing with a more important family problem so as soon as that is resolved you will hear from me

On Nov 7, 2014 9:36 PM, "Kevin Kerns" <                    > wrote:
> Mike,
>        Please respond yo our previous emails by 23:59 on 11/09/14 or we will consider this matter to be hostile and will have to
>        discontinue discussions and forward the papers to our corporate attorney whom will then contact you to begin legal actions.
> Kevin Kerns
> CEO
>
> Tri-State Training and Safety Consulting, LLC
>
> 1320 E 11th St
> Eddystone, PA 19022
>
>
>
> _____
>
>
> ...tri_statesafety
>    On November 4, 2014 at 9:15 PM Mike Markawicz <                    > wrote:
>
> I dont make crucial mistakes and just as how you wanted to better your self when you seen growth in the industry is
> just as i want to better my self and family. I meant when i asked you about if you had it you lied amd said no
>
> On Nov 4, 2014 9:06 PM, "Kevin Kerns" <                    > wrote:
>    Mike,
>           Certifications are not to be released until trainees have completed an adequate amount of training, there needs
>    to be a paper trail from reviews and rosters. Yet you should know these standards if you have become an
>    instructor. I believe you are making a big mistake by "creating your own company" without the knowledge of
>    how all of this works. I have been doing it for years and still operate under someone else. This is a very
>    tedious business and there is a lot of risk if you are doing things improperly. Seeing that you do not now the
>    answers to the simple regulations it is obvious that you may make some crucial mistakes. As stated before you
>    save a lot of money by working under a TC and not placing responsibilities on your own shoulders. Why is it
>    that you are so set on being your own TC and having your own identity? I have numerous instructors that
>    work for me and even more that work through me. Yet you have decided to go completely on your own
>    without the basic knowledge. Why is that?
>    Kevin Kerns
>    CEO
>
>    Tri-State Training and Safety Consulting, LLC
>
>    1320 E 11th St
>    Eddystone, PA 19022

12/16/2014

Re: Needed Items

`. ` `. ` ` `. .

@tri_statesafety

On November 4, 2014 at 8:57 PM Mike Markawicz <                         > wrote:


If it is dated weeks ago why did i not recieve it yet?

On Nov 4, 2014 8:53 PM, "Kevin Kerns" <                         > wrote:
that was after it was ordered and after we discovered that you had somehow received accreditation outside of our organization. It is dated prior to asking if you still needed it. The question of if you still needed it was because you stated that you were "now your own company" therefore assuming that you are an accredited instructor which you confirmed. This was a request you made of tri-state when you entered the mentor program via tri-state weeks ago.
Kevin Kerns
CEO

Tri-State Training and Safety Consulting, LLC

1320 E 11th St
Eddystone, PA 19022


`. ` `. Sta.. ` `. . .`


@tri_statesafety

On November 4, 2014 at 8:51 PM Mike Markawicz <                         > wrote:


When you asked if still needed it i said no

On Nov 4, 2014 8:47 PM, "Kevin Kerns" <                         > wrote:
I have the certification paid for and sitting on my desk. It is dated accordingly
Kevin Kerns
CEO

Tri-State Training and Safety Consulting, LLC

1320 E 11th St
Eddystone, PA 19022


`. . .Stiti. .. . . . `. . .`


@tri_statesafety

On November 4, 2014 at 4:05 PM Mike Markawicz <
                         > wrote:


Yousaid i never recieved it from you

On Nov 4, 2014 3:51 PM, "Kevin Kerns" <                         >
wrote:
your fire is invalid as it is valid per state guidelines as a Tri-State Employee..
You owe for CPR First Aid Instructor

Kevin Kerns
CEO

Tri-State Training and Safety Consulting, LLC

1320 E 11th St
Eddystone, PA 19022

www.tristatesafetyllc.com

@tri_statesafety

On November 4, 2014 at 9:08 AM Mike Markawicz <
> wrote:

Ok and what certification do I have that i owe you for?

**EXHIBIT "B"**



**Training & Safety Consulting, LLC**

## Non-Compete Agreement

1.  The Contractor specifically agrees that for a period of 5 years after the Contractor is no longer
    associated with Tri-State, the Contractor will not engage, directly or indirectly, either as proprietor,
    stockholder, partner, officer, Contractor or otherwise, in the same or similar activities as were
    performed for Tri-State in any business within a 200 mile radius of Tri-State which provides services
    similar to those distributed, sold, or provided by Tri-State at any time during the 5 years preceding
    the Contractor's termination of association with Company.

2.  For a period of 5 years after the Contractor is no longer associated with Tri-State, the Contractor will
    not, directly or indirectly, either as proprietor, stockholder, partner, officer, Contractor or otherwise,
    distribute, sell, offer to sell, or solicit any orders for the purchase or distribution of any products or
    services which are similar to those distributed, sold or provided by Tri-State during the 5 years
    preceding the Contractor's termination of association with Tri-State, to or from any person, firm or
    entity which was a customer of Tri-State during the 5 years preceding such termination of
    association Tri-State.

### NON-SOLICITATION OF CUSTOMERS/CLIENTS PROVISION

Contractor agrees that for 7 years after Contractor is no longer associated with Tri-State, Contractor will
not directly or indirectly solicit, agree to perform or perform services of any type that Tri-State can render
("Services") for any person or entity who paid or engaged Tri-State for Services, or who received the
benefit of the Tri-States Services, or with whom Contractor had any substantial dealing while employed
by Tri-State. However, this restriction with respect to Services applies only to those Services rendered by
Contractor or an office or unit of Tri-State in which Contractor worked or over which Contractor had
supervisory authority. This restriction also applies to assisting any employer or other third party.

Tri-State Kevin Kerns CEO _____        DATE: 9 22 14

Contractor        (print) _____

          (sign) _____        DATE: _/_/_

## APPLICANT'S CERTIFICATION AND AGREEMENT

I hereby certify that the facts set forth in the above employment application are true and complete to the best of my knowledge and authorize Tri-State Training and Safety Consulting, LLC. to verify their accuracy and to obtain reference information on my work performance. I hereby release Tri-State Training and Safety Consulting, LLC. from any/all liability of whatever kind and nature which, at any time, could result from obtaining and having an employment decision based on such information.

I understand that, if employed, falsified statements of any kind or omissions of facts called for on this application shall be considered sufficient basis for dismissal.

I understand that should an employment offer be extended to me and accepted that I will fully adhere to the policies, rules and regulations of employment of the Employer. However, I further understand that neither the policies, rules, regulations of employment or anything said during the interview process shall be deemed to constitute the terms of an implied employment contract. I understand that any employment offered is for an indefinite duration and at will and that either I or the Employer may terminate my employment at any time with or without notice or cause.

Signature of Applicant _____ Date 05/22/14

**EXHIBIT "C"**



Michael Markawicz ▸ Delco's Online Yard Sale
So if you are in need of a class to be recertified or you want to learn it for the very first time, contact us no hassles, no gimmicks straight high quality CPR, ACLS, PALS. And Fire Safety training done at the location and time you choose. No need to come out and then still have to pay us for your certification, we want you to be as comfortable as you can be and enjoy our training so if you or anyone you know can benefit from this amazing deal contact me. I have been a paramedic for 4years and an EMT for another 4, i look to train the public on proper high quality CPR as well as other traings. Feal free to call 267-351-0125 or go book a class online at the following link: http://www.genbook.com/bookings/slot/reservation/30251851 4.VKWwICoQBVI.facebook
Like
Comment
Cigar Advisor
Shoveling snow isn't necessarily that much fun... unless all the while you're building a cigar igloo. Now isn't that rewarding? Cheers!
Nifty Fifty's Fundra...
Kc Coons
Chris Cinemoy Strouse
Darlene DePampen
Bea Childs Dreyer
See More
What makes Cuban cigars so special? (Infographic)
Hip Shaking Teacher Busts Out Moves In Uptown Funk Music Video
Bodies, SUV Found in Search for Missing

# Bogan Law Group

*Mary Beth Bogan, Esquire*
*One Liberty Place*
*1650 Market Street*
*Suite 3600*
*Philadelphia, PA  19103*
*(215) 385-5254 (Direct Dial)*
*(215) 695-2185 (Fax)*

*845 Third Avenue*
*6ᵗʰ Floor*
*New York, NY 10022*
*Email:mbogan@boganlawgroup.com*

January 7, 2015

**Via Email**

Michael Markawicz
1400 MacDade Boulevard, Apt. D360
Woodlyn, PA  19094

### Re:Cease and Desist Demand - Tri-State Training & Safety Consulting

Dear Mr. Markawicz:

Please be advised that this firm represents Tri-State Training & Safety Consulting, LLC and the CEO, Kevin Kerns (hereinafter collectively referred to as "Tri-State").  This correspondence serves to demand that you immediately cease operating your company, Certified Professional Rescuers, Woodlyn, PA, including your website for the same, in that you have violated your Non-Compete Agreement with Tri-State Training & Safety Consulting, and *inter alia*, violated existing copyright rights owned by Tri-State.  Moreover, you are in possession of materials created by and owned by Tri-State, and have been improperly utilizing Tri-State's fire safety program.  In addition, you are in possession of a new uniform shirt (which needs to be returned to Tri-State in the same condition).

In or around September 22, 2014, you executed a Non-Compete Agreement, including a Non-Solicitation of Customers/Clients Provision and a Certification and Agreement with Tri-State Training & Safety Consulting, LLC.  (See the attached herein for your reference).  You affirmatively agreed to the following provisions:

1

*The Contractor specifically agrees that for a period of 5 years after the Contractor is no longer associated with Tri-State, the Contractor will not engage, directly or indirectly, either as proprietor, stockholder, partner, officer, Contractor or otherwise, in the same or similar activities as were performed for Tri-State in any business within a 200 mile radius of Tri-State at any time during the 5 years preceding the Contractor's termination of association with Company.*

*Furthermore, you also agreed to:  for 7 years after Contractor is no longer associated with Tri-State, Contractor will not directly or indirectly solicit, agree to perform or perform services of any type that Tri-State can render for any person or entity who paid or engaged Tri-State for Services, or who received the benefit of the Tri-State Services, or with whom Contractor had any substantial dealing while employed by Tri-State.*

We hereby demand on behalf of Tri-State that you immediately cease and desist all operations, and in addition, immediately stop use of Tri-State's fire safety program.  Enclosed is a Writ of Summons which will be filed with the court in the event the aforementioned is not immediately ceased by no later than January 9, 2015.

Accordingly, we are reviewing the overall situation and the effect of the same on my clients' business and reputation, and if need be, will pursue their respective rights for any and all available damages, including, but not limited to costs and/or attorneys' fees.  If you have any questions with regard to the above, please feel free to contact me directly.

Very truly yours,

Mary Elizabeth Bogan, Esquire

cc:  Kevin Kerns (via email)
Enc.

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRI-STATE TRAINING & SAFETY CONSULTING, LLC<br>1320 East 11th Street<br>Eddystone, PA 19022 | : <br> : <br> : <br> : | Civil Action No. |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| MICHAEL MARKAWICZ<br>1400 MacDade Blvd., Apt. D360<br>Woodlyn, PA 19094 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| CERTIFIED PROFESSIONAL RESCUERS:<br>1400 MacDade Blvd., Apt. D360<br>Woodlyn, PA 19094 | : <br> : <br> : | **CERTIFICATE OF SERVICE** |
| Defendants, | : <br> : <br> : | |

I, Mary Beth Bogan, Esquire, hereby certify that a true and correct copy of *Plaintiff's*

*Verified Complaint* was filed on February 20, 2015 and served upon the following pursuant to

the applicable rules of the Federal Rules of Civil Procedure:

Michael Markawicz
1400 MacDade Blvd., Apt. D360
Woodlyn, PA 19094

Certified Professional Rescuers
1400 MacDade Blvd., Apt. D360
Woodlyn, PA 19094

BY:/S/Mary Elizabeth Bogan

Mary Elizabeth Bogan, Esquire
Attorney for Plaintiffs DATED:

February 20, 2015