IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRI-STATE TRAINING & SAFETY CONSULTING, LLC | : : : | CIVIL ACTION |
| v. | : : | |
| MICHAEL MARKAWICZ, et al. | : | NO. 2:15-cv-876 |

MEMORANDUM ORDER

AND NOW, this 28th day of August 2015, upon consideration of Plaintiff Tri-State Training & Safety Consulting, LLC's Praecipe for Entry by Default Judment [sic] and Permanent Injunction (Doc. No. 21), and having received no response from Defendants Michael Markawicz and Certified Professional Rescuers, it is hereby ORDERED as follows:

1. The Clerk of Court is directed to enter default against Defendants Michael Markawicz and Certified Professional Rescuers.

2. The Praecipe is GRANTED IN PART and DENIED IN PART as described below.

3. Judgment is entered for Plaintiff and against Defendants in the amount of $500. Defendants are also ORDERED to return any of Plaintiff's training materials in their possession.

4. Defendants shall cease and desist all business operations that are restricted by the parties' non-compete agreement; in other words, Defendants shall not engage in the same or similar activities that Defendant Michael Markawicz performed for Tri-State within a 200-mile radius of Tri-State, advertise any such business, or solicit customers of Tri-State.

5. The Clerk of Court shall close this action.

I.    Background

This case arises from the former employment of Defendant Mike Markawicz with Plaintiff Tri-State Training & Safety Consulting, LLC ("Tri-State"), a Pennsylvania company that provides training, certification, and consulting in cardio-pulmonary resuscitation, first aid,

and other safety areas. (See Compl. ¶ 6.) Tri-State CEO Kevin Kerns hired Markawicz in September 2014, and proceeded to train Markawicz to provide services to Tri-State clients. (Compl. ¶¶ 7–8.) Tri-State paid for Markawicz to receive certifications in the areas he was to teach and provided Markawicz with training materials. (Id.) As a condition of employment, Markawicz signed a non-compete agreement with Tri-State "whereby for a period of five years after his association with Tri-State Defendant [Markawicz] agreed to refrain from entering into the same or similar business within a 200-mile radius of Tri-State" and under which Markawicz agreed to refrain from soliciting Tri-State customers. (Compl. ¶¶ 9–10; Ex. B.)

On November 3, 2014, Markawicz's employment with Tri-State ended, when Kerns discovered that Markawicz has solicited a potential customer "as if Tri-State was Markawicz's company." (Compl. ¶¶ 11–12.) Since then, Markawicz has established his own safety training company, Defendant Certified Professional Rescuers. (Compl. ¶ 13.) Defendants conduct safety training and provide certifications in the Philadelphia area, and Plaintiff alleges that Defendants use the training materials that Markawicz received from Tri-State with their clients. (Compl. ¶¶ 15–17.) In addition, Markawicz did not reimburse Tri-State for his certifications. (Compl. ¶¶ 51–53; Ex. A.)

On February 20, 2015, Plaintiff filed this suit alleging copyright infringement, breach of contract, tortious interference with business relations, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and unjust enrichment. (Compl. ¶¶ 22–55.) Upon unopposed motion and after a hearing, for which Plaintiff served Defendants with notice, we granted Plaintiff a temporary restraining order on March 19, 2015. (See Order of March 19, 2015, Doc. No. 10.) Again upon unopposed motion and after a hearing, for which Plaintiff again served Defendants with notice, we granted Plaintiff a preliminary injunction on April 16, 2015.

(See Order of April 16, 2015, Doc. No. 19.) These orders enjoined Defendants from using Plaintiff's training materials, from conducting business in violation of the non-compete agreement that Markawicz signed, and from interfering with Plaintiff's business relations. Defendants did not respond at any point. On July 15, 2015, Plaintiff filed a praecipe for entry of default judgment and a permanent injunction. (See Praecipe, Doc. No. 21.) We held a hearing on Plaintiff's request on August 10, 2015, notice of which Plaintiff properly served on Defendants (see Doc. No. 23). To date, Defendants still have not entered an appearance, filed an answer, or otherwise responded to this pending matter.

II.     Legal Standard

Plaintiff moves for a judgment by default under Federal Rule of Civil Procedure 55. An entry of default is generally required before an entry of judgment on the basis of such default. See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006); 10A Wright & Miller, Fed. Prac. & Proc. § 2682 (3d ed.).  No default has been entered in this case because Plaintiff has not filed a request for default under Rule 55(a) with the Clerk of Court. However, we construe Plaintiff's Praecipe as seeking both an order directing the clerk to enter default and an entry of default. See Rhino Associates, L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007); Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985). An entry of default is clearly justified since Defendants have "failed to plead or otherwise defend" against the claims against them, even when ordered to do so. See Fed. R. Civ. P. 55(a). In any case, where a plaintiff's claim is not for "a sum certain," the plaintiff must apply to the district court for a "judgment by default" under Rule 55(b)(2). Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).

The entry of a default judgment is within the sound discretion of the district court. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008); Hritz, 732 F.2d at 1180. Courts generally consider three factors in determining whether to issue a default judgment "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, where the defendant has not entered an appearance or filed any pleadings or responsive motions, the record before the court is often insufficient to analyze these factors, and under such circumstances the district court "is authorized to enter a default judgment based solely on the fact that the default has occurred." Anchorage Associates v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

When evaluating a request for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). While well-pleaded allegations are deemed admitted and accepted, "the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D.Pa. 2008) (citing Comdyne I, Inc., 908 F.2d at 1149). In other words, "the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citation omitted). In determining the amount of damages or the truth of an averment of evidence, the Court may in its discretion conduct an evidentiary hearing or render

judgment based upon detailed affidavits from the claimant. <u>Durant v. Husband,</u> 28 F.3d 12, 15 (3d Cir. 1994).

    III.    Discussion

Plaintiff filed this action on February 20, 2015 and as of the date of this Order, Defendants have not filed an appearance or a single pleading in this matter. Accordingly, we decline to assess Plaintiff's Motion under the factors set out in <u>Chamberlain</u> and resolve this matter "based solely on the fact that the default has occurred" and the evidence that Plaintiff has produced. <u>Anchorage Associates</u>, 922 F.2d at 177 n. 9. We will therefore independently evaluate the sufficiency of Plaintiff's claims and its entitlement to damages. We now conclude that Plaintiff is entitled to a partial judgment by default, and we enter a permanent injunction on Count II and default judgment for $500 on Count V.

    A.  Count I: Copyright

As discussed on the record at the hearing (<u>see</u> Tr. Hr'g 8/10/2015 ("Tr.") 39:9–43:2), Plaintiff cannot maintain a claim for copyright infringement because it has not registered its materials, as is required under 17 U.S.C. § 411. <u>See also</u> <u>Reed Elsevier, Inc. v. Muchnick</u>, 559 U.S. 154, 163–65 (2010). Taking all factual allegations as true, we conclude that Plaintiff has not established a legal right to recovery on this claim, due to its failure to register its alleged copyright. As such, the copyright damages that Plaintiff seeks are not available.

    B.  Count II: Breach of Contract

Plaintiff has alleged that Defendant Markawicz breached the non-compete agreement he entered into as a condition of his employment with Plaintiff (<u>see</u> Compl. ¶¶ 25–33), and we take these allegations as true. However, Plaintiff's claim for breach of contract succeeds only insofar as Plaintiff has shown that it has damages for the misconduct it alleges. In an action for breach of

a non-compete agreement, the proper measure of damages is "lost profits which must be ascertained with reasonable certainty upon a former employee's breach of a covenant not to compete." See Scobell Inc. v. Schade, 688 A.2d 715, 716–19 (Pa. Super. Ct. 1997). Plaintiff has not produced any evidence documenting its monetary loss from Defendants' actions in violation of the non-compete agreement. Plaintiff at the hearing offered testimony from only one client, Shanita Cunningham, who hired Defendants instead of Plaintiff. (See Tr. 30:16–37:15.) However, after Defendants failed to provide the certifications for which they were hired, Ms. Cunningham hired Plaintiff to repeat the training that her company needed. (Tr. 33:14–35:4.) As such, Plaintiff suffered no injury related to this client. Although Plaintiff asserts that it has lost other clients due to Defendants' actions (Tr. 26:12–13), Plaintiff offers no specific factual allegations supporting a finding of such losses. In fact, Kerns testified that his business is making more money this year than last. (Tr. 26:2–18.) Without proof of actual damages, punitive damages are not available. Costa v. Roxborough Mem'l Hosp., 708 A.2d 490, 497 (Pa. Super. Ct. 1998). Moreover, Pennsylvania law does not provide for punitive damages for an action sounding in breach of contract.  See Johnson v. State Farm Life Ins. Co., 695 F. Supp. 2d 201, 213 (W.D. Pa. 2010); DiGregorio v. Keystone Health Plan E., 840 A.2d 361, 370 (Pa. Super. Ct. 2003). Thus, although Defendant Markawicz breached the non-compete agreement, Plaintiff cannot recover on its breach of contract claim due to its failure to show any actual damages. However, consistent with our prior orders imposing temporary injunctive relief, Defendants shall cease and desist all business operations that are restricted by the parties' non-compete agreement; in other words, Defendants shall not engage in the same or similar activities that Defendant Michael Markawicz performed for Tri-State within a 200-mile radius of Tri-State, advertise any such business, or solicit customers of Tri-State.

C.  Count III: Tortious Interference with Contract

Plaintiff further alleges that Defendants solicited Plaintiff's clients, interfering with Plaintiff's business relationships. To state a claim for tortious interference with business relations under Pennsylvania law, a plaintiff must allege a contractual or prospective contractual relationship with a third party, purposeful action by the defendant, without privilege, specifically intended to harm the existing relation, and damages. See CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 384 (3d Cir. 2004). When evaluating a claim of interference with a prospective contract, a court considers "whether the evidence supports a finding that there was an objectively reasonable likelihood or probability that the contemplated contract would have materialized absent the defendant's interference." Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 213 (3d Cir. 2009). A plaintiff alleging interference with a future contract must allege such a "reasonable likelihood"—something more than "mere hope"—and "must base its claim that there was a prospective contractual relationship on something other than an existing or current relationship." Id.

Plaintiff has failed to sufficiently allege facts supporting its legal conclusion that Defendants interfered with its contracts. Simply put, Plaintiff has not alleged the existence of any present or prospective contract with which Defendants interfered. Plaintiff identified Kids Corner as a client to whom they had previously provided training before Defendants solicited Kids Corner and won their business. (See Tr. 26:22–28:14.) However, Kerns testified only that Plaintiff "serviced them one time" (Tr. 28:4–8), despite his initial assertion that "They come annually. Every year, they would come." (Tr. 27:20–25). This relationship is insufficient to show either a present contract or a reasonable likelihood of a future contract with Kids Corner. Plaintiff asserts generally that it has lost other clients (Tr. 28:12–14), but without specific factual

allegations supporting this conclusion, Plaintiff's claim on this basis cannot stand.

    D. Count IV: UTPCPL

We next consider Plaintiff's Count IV claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Under this statute, "a private cause of action . . . is available only to consumers who have purchased or leased goods or services for personal, family, or household purposes. World Wrestling Fed'n Entm't Inc. v. Big Dog Holdings, Inc., 280 F. Supp. 2d 413, 446 (W.D. Pa. 2003) (citing Weinberg v. Sun Co., 777 A.2d 442, 445–46 (Pa. 2001)). A competitor does not have standing to bring an action alleging unfair competition under this statute; only the state is empowered to bring such an action. See 73 Pa. Cons. Stat. Ann. § 201-4; Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992). Since Plaintiff has not alleged that it purchased Defendants' services, Plaintiff does not have standing under the UTPCPL. See Balderston v. Medtronic Sofamor Danek, Inc., 285 F.3d 238, 240 (3d Cir. 2002). Therefore, Plaintiff is not entitled to default judgment on Count IV or the treble and punitive damages he seeks under this statute.

    E. Count V: Unjust Enrichment

"Under Pennsylvania law, a successful claim of unjust enrichment requires proof that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit." Bral Corp. v. Johnstown Am. Corp., 919 F. Supp. 2d 599, 620 (W.D. Pa. 2013) (citations omitted). Plaintiff has offered testimony that Plaintiff provided Defendant Markawicz with professional certifications for which Markawicz was to reimburse Plaintiff, but Markawicz has not done so. (Tr. 20:25–21:4.) Kerns testified that the value of these certifications is $500.

(Id.) Similarly, Kerns testified that Markawicz was provided with certain training materials, which he has not returned (Tr. 20:16–24), although Plaintiff did not produce any evidence of the value of these materials. Plaintiff has thus alleged facts sufficient to support its claim for unjust enrichment, and Plaintiff is entitled to $500 in damages on this claim.

    F.   Attorney's Fees and Court Costs

Plaintiff seeks $10,000 in attorney's fees. "Pennsylvania adheres to the 'American Rule,' which states that litigants are responsible for their own litigation costs and may not recover them from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." In re Farnese, 17 A.3d 357, 370 (Pa. 2011) (citations omitted); see Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2164 (June 15, 2015). Plaintiff has not provided any basis upon which this case would justify an exception from the general rule. For example, the non-compete agreement does not provide for recovery of costs of enforcement, and Plaintiff does not put forward any reason that its unjust enrichment claim would justify deviation from the rule. As such, Plaintiff is not entitled to recover litigation costs, including attorney's fees.

Even if Plaintiff asserted a valid basis for fee-shifting in this case, the evidence that Plaintiff submits is inadequate to support its claim for attorney's fees. "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable. To initially satisfy this burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 717 (3d Cir. 2005) (citations omitted). Plaintiff has asserted its entitlement to the round figure of $10,000 (see Kerns Aff. ¶ 7f; Tr. 21:21–25, 29:4–8), but has failed to provide any documentation of the hours worked or the rates claimed to support that figure. Thus, even if

9

Plaintiff had a valid basis for recovering its attorney's fees, it is not entitled to the fees it claims given its failure to adduce evidence satisfying its burden.

## Conclusion

For the foregoing reasons, default judgment is entered as follows:

1. The Clerk of Court is directed to enter default against Defendants Michael Markawicz and Certified Professional Rescuers.

2. The Praecipe is GRANTED IN PART and DENIED IN PART.

3. Judgment is entered for Plaintiff and against Defendants in the amount of $500. Defendants are also ORDERED to return any of Plaintiff's training materials in their possession.

4. Defendants shall cease and desist all business operations that are restricted by the parties' non-compete agreement; in other words, Defendants shall not engage in the same or similar activities that Defendant Michael Markawicz performed for Tri-State within a 200-mile radius of Tri-State, advertise any such business, or solicit customers of Tri-State.

5. The Clerk of Court shall close this action.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.